**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Grace Lyn TENORIO, Defendant– Appellant.**

No. 00–10620.
D.C. No. CR–00–00027–JSU.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2001.

Decided Nov. 26, 2001.

Before THOMPSON, O'SCANNLAIN, and BERZON, Circuit Judges.

## MEMORANDUM *

Grace Lyn Tenorio appeals her conviction and sentence for attempted importation of methamphetamine hydrochloride. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm the conviction and remand for resentencing.

Tenorio pleaded guilty to attempted importation of methamphetamine hydrochloride ("ice"), in violation of 21 U.S.C. §§ 952(a), 960 and 963. At sentencing, the district court granted Tenorio's motion for a two-level minor participant reduction under U.S.S.G. § 3B1.2(b). The district court also applied a two-level enhancement

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

for knowing importation of methamphetamine under U.S.S.G. § 2D1.1(b)(4).

An attempt to commit the substantive offense defined by 21 U.S.C. § 952(a) does not require that the defendant personally commit all elements of the offense; participation in a scheme to do so, coupled with a substantial step taken toward completion, is sufficient. *United States v. Mayes,* 524 F.2d 803, 807 (9th Cir.1975); 21 U.S.C. § 963.

■ The facts elicited at Tenorio's change-of-plea hearing established that she acquired a cell phone eleven days before the "ice" arrived from the Phillippines. The packages containing the "ice" were addressed to her and listed her cell phone number as the contact number. After being notified of the packages' arrival, Tenorio drove to the airport to retrieve the packages, knowing they contained "ice" and that they came from the Philippines. At the airport, she presented a "note" to claim them. This evidence supports the conclusion that Tenorio took substantial steps toward effectuating the importation of the "ice" and that she aided and abetted a scheme to do so. *See Mayes,* 524 F.2d at 807. The factual basis for Tenorio's plea was sufficient.

■ Tenorio also argues, and the government agrees, that her sentencing guideline range was miscalculated due to the district court simultaneously applying a two-level enhancement for knowing importation of methamphetamine and a two-level minor participant reduction. Tenorio is correct.

If a defendant is eligible for a minor participant reduction, the two-level enhancement for knowing importation of methamphetamine is inapplicable. *See* U.S.S.G. § 2D1.1(b)(4). Consequently,

having granted Tenorio's motion for a minor participant reduction, the district court should not have applied the two-level enhancement under U.S.S.G. § 2D1.1(b)(4). Because this error was not brought to the attention of the district court, we review for plain error. *See United States v. Garcia–Sanchez,* 189 F.3d 1143, 1148 (9th Cir. 1999). We conclude the error was plain, affected Tenorio's substantial rights and affected the fairness of her judicial proceeding. *Cf. id.* We further conclude the error should be corrected. We therefore vacate Tenorio's sentence and remand for resentencing.

Conviction AFFIRMED; sentence VACATED; case REMANDED for resentencing.